UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

SCOTT E. GAMMONS,                     )
                                      )
            Plaintiff,                )
                                      )
v.                                    )        No. 3:21-CV-173-TAV-DCP
                                      )
ADROIT MEDICAL SYSTEMS, INC., *et al*.,)
                                      )
            Defendants.               )

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court,

and Standing Order 13-02.

Now before the Court is an Expedited Motion to Compel the Production of Emails Relied

Upon by the Plaintiff's Expert, Charles Baum, and to Modify the Scheduling Order [Doc. 52].

Plaintiff responded in opposition to the motion [Doc. 57], and Defendants filed a reply [Doc. 59].

Thus, the motion is ripe for adjudication. Accordingly, for the reasons set forth below, the Court

**GRANTS** Defendants' motion [**Doc. 52**].

## I.      BACKGROUND

The parties do not dispute the facts that frame the instant dispute. On August 18, 2022,

Plaintiff produced the Expert Report of Charles L. Baum, Ph.D. ("August Report"), wherein he

provides an economic loss appraisal [Doc. 52-1 p.1]. Specifically, Charles L. Baum, Ph.D. ("Dr.

Baum") opined on the present value of economic losses that Plaintiff sustained, and he explained,

"The case-related documents used to prepare this analysis are listed in Exhibit B and other

references as listed in Exhibit C" [*Id*. ¶ 16]. Exhibit B lists eight sources, one of which is relevant

to the instant dispute, "Emails from Mr. John Lawhorn (June 9, 2022)" (hereinafter, "Emails") [*Id*.

at 31]. Pursuant to the Scheduling Order, motions to compel were due on October 31, 2022, which is thirty days before the discovery deadline of November 30, 2022 [Doc. 20 p. 3].

On October 28, 2022, Dr. Baum amended his expert report ("October Report") to "address[] a change in Plaintiff's employment status that might impact his calculation of future wages" [Doc. 57 p. 2; *see also* Doc. 52-2 p. 1]. On November 9, 2022, Defendants requested to schedule Dr. Baum's deposition; however, a few days later, on November 14, 2022, Plaintiff provided Dr. Baum's October Report to Defendants. The October Report contained the same Exhibit B referenced above "with the addition of documents relating to Plaintiff's employment" [Doc. 67 p. 3; *see also* Doc. 52-2 p. 32]. The parties agreed to schedule Dr. Baum's deposition on December 13, 2022, after the discovery deadline in light of the October Report.

On November 16, 2022, Defendants advised Plaintiff that Dr. Baum's expert disclosure was missing the items referenced in Exhibit B and requested that those documents be produced. Plaintiff complied in part with Defendants' request but did not produce the Emails, stating that he was not required to produce such information. Defendants disagree, which prompted the instant motion.

Defendants argue that a party's obligation under Rule 26 of the Federal Rules of Civil Procedure is self-triggering and does not require a formal discovery request. They state that "courts in the Sixth Circuit routinely require parties to disclose documents that a testifying expert witness considered before rendering his or her report, even if those documents are protected by the attorney-client privilege or work-product doctrine" [Doc. 52 p. 4]. To the extent the Court compels production, Defendants request that the discovery deadline of November 30, 2022, be extended to allow them to review and consider this new material. Alternatively, Defendants seek to exclude Dr. Baum as an expert as a sanction for failing to produce the Emails.

2

Plaintiff responds that the motion is untimely because Defendants filed it after the motion to compel deadline had expired.  In addition, Plaintiff states that Dr. Baum has disclosed the facts and data he considered and that the Rule does not require production of the documents he reviewed without a formal discovery request, citing to *America's Collectibles Network, Inc. v. Sterling Commerce (Am.), Inc.*, No. 3:09-cv-143, 2017 WL 2602980, at *1 (E.D. Tenn. Apr. 18, 2017).  Plaintiff states that Defendants have not made the requisite showing to extend the discovery deadline in this case.  Further, Plaintiff submits that Defendants' request to exclude Dr. Baum is inappropriate, and he should be awarded his attorney's fees in responding to their motion.

Defendants reply that Plaintiff has omitted key procedural details, such as Dr. Baum's "eleventh-hour" October Report [Doc. 59 p. 1].  Defendants assert that the October Report is untimely under the Scheduling Order.  Defendants claim that they could not move to compel by the deadline because Plaintiff produced the November Report after the deadline had expired.  Defendants maintain that Rule 26(a)(2)(B) requires production of documents that an expert relies on, stating that Plaintiff's reliance on *America's Collectibles Network, Inc.*, 2017 WL 2602980, at *1 is misplaced.  Defendants request that the Court compel Plaintiff to produce the Emails and allow Dr. Baum's deposition to be conducted after the Court rules.  In the alternative, Defendants request that Dr. Baum be excluded from testifying at trial.

## II.     ANALYSIS

The Court has considered the parties' positions summarized above, and for the reasons set forth below, the Court **GRANTS** Defendants' motion [**Doc. 52**].

Rule 26(a)(2)(B) governs Dr. Baum's expert disclosure, which provides as follows:

> **(B)** *Witnesses Who Must Provide a Written Report*. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to

3

provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

> **(i)** a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> **(ii)** the facts or data considered by the witness in forming them;
>
> **(iii)** any exhibits that will be used to summarize or support them;
>
> **(iv)** the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> **(v)** a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> **(vi)** a statement of the compensation to be paid for the study and testimony in the case.

Rule 26 is designed to "be interpreted broadly to require disclosure of any material considered by the expert, from whatever source, that contains factual ingredients." Fed. R. Civ. P. 26(a)(2)(B) advisory committee's note to 2010 amendment. This requirement "extends to any facts or data 'considered' by the expert in forming the opinions to be expressed, not only those relied upon by the expert." *Id*.

The parties dispute whether this Rule requires the production of the materials an expert relies on without a formal discovery request. Plaintiff relies on *America's Collectibles Network, Inc.*, 2017 WL 2602980, at *1, in support of his position that he does not have a duty to produce the Emails. The Court finds this case inapplicable to the present situation because in *America Collectibles Network, Inc.*, "the question before the [c]ourt was whether the [d]efendant was obligated to produce the assistant's notes that were taken during interviews in which [the expert] was present[,]" but the expert "did not see, receive, or consider the assistant's notes." *Id*. at *2 and

4

*3.  Here, Dr. Baum stated that he used the Emails to prepare his analysis [Doc. 52-1 p. 31; Doc. 52-2 p. 32].

Although in context of whether the attorney work product privilege applied to documents defendants provided to its expert, the Sixth Circuit Court of Appeals has held, "We agree with the district court and the majority view that Rule 26 now requires disclosure of all information provided to testifying experts." *Reg'l Airport Auth. of Louisville v. LFG, LLC*, 460 F.3d 697, 715 (6th Cir. 2006)[1]; *see also In re Commercial Money Center Inc., Equipment Lease Litigation*, 248 F.R.D. 532, 537 (N.D. Ohio Mar. 5, 2008) (ordering the production of documents that the expert considered); *Sanchez v. Gomez*, No. EP-17-CV-00133-PRM, 2019 WL 12536398, at *3 (W.D. Tex. Apr. 29, 2019) ("Thus, under Rule 26(a)(2)(B)(ii), because [the expert] considered the testimony of certain grand jury witnesses when formulating his opinion, [the defendant] must disclose and produce the grand jury transcripts considered by [the expert]."); *Deal v. Louisiana ex rel. Dep't of Just.*, No. CIV.A. 11-743-JJB, 2013 WL 4546772, at *1 (M.D. La. Aug. 28, 2013) (finding that the documents that the expert reviewed were part of the expert's disclosures).

In the present matter, Dr. Baum identified the Emails as a source he used to prepare his analysis, but he has not disclosed any information in the Emails.  Rule 26(b)(2)(B)(ii) requires the report to contain the "facts or data considered" in forming the expert's opinion.  "[C]ourts have

---

[1]    The Court notes that this issue typically arises in the context of an assertion of privilege. *Dyson Tech. Ltd. v. Maytag Corp.*, 241 F.R.D. 247, 252 (D. Del. 2007) (ordering the plaintiff to produce all information and documents that its expert considered in "in connection with formulating the opinions expressed" in the expert report, despite the plaintiff's assertion that they were protected by the attorney-client privilege); *Synthes Spine Co., L.P. v. Walden*, 232 F.R.D. 460, 463 (E.D. Pa. 2005) ("[T]he overwhelming majority of courts addressing this issue have adopted a pro-discovery position, concluding that, pursuant to Rule 26(a)(2)(B), a party must disclose all information provided to its testifying expert for consideration in the expert's report, including information otherwise protected by the attorney-client privilege or the work product privilege.").  Plaintiff has not asserted that the Emails are privileged.

5

embraced an objective test that defines 'considered' as anything received, reviewed, read, or authored by the expert, before or in connection with the forming of his opinion, if the subject matter relates to the facts or opinions expressed." *Euclid Chem. Co. v. Vector Corrosion Techs., Inc.*, No. 1:05CV80, 2007 WL 1560277, at *4 (N.D. Ohio May 29, 2007). "This is true regardless of whether the 'expert report ultimately refers to those materials as a basis for his or her opinions.'" *Parker Hannifin Corp. v. Standard Motor Prod., Inc.*, No. 1:19-CV-00617-PAB, 2021 WL 5801850, at *2 (N.D. Ohio Dec. 7, 2021) (quoting *In re Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Prod. Liab. Litig.*, No. 2:18-MD-2846, 2021 WL 2280657, at *2 (S.D. Ohio June 4, 2021) (citation omitted)). Because Dr. Baum has not explained that material in the Emails, or otherwise produced the Emails, Defendants have no way of knowing prior to a deposition all the facts Dr. Baum considered in rendering his conclusion. *Cf. Quinn Const., Inc. v. Skanska USA Bldg., Inc.*, 263 F.R.D. 190, 194 (E.D. Pa. 2009) ("Relying on these advisory committee notes, several federal courts of appeals have held that the requirement of Rule 26(a)(2)(B)(ii) that "information considered" by a testifying expert be disclosed requires the production of otherwise privileged material.") collecting cases)).

Based on the above, the Court finds ordering Plaintiff to produce the Emails to be appropriate under the circumstances. While Plaintiff asserts Defendants' motion is untimely, the Court notes that Defendants' alternative request is to exclude Dr. Baum from testifying pursuant to Rule 37(c).[2] Rule 37(c)(1) provides that "[i]f a party fails to provide information . . . as required

---

[2]     The parties' deadline to file motions to compel expired on October 31, 2022 [Doc. 20], and Defendants filed their motion on November 21, 2022. Defendants claim that they did not timely file their motion because they received Dr. Baum's October Report on November 14, 2022. The Court notes, however, that Dr. Baum's August Report lists the Emails as a source of information [*See* Doc. 52-1 p. 31]. Defendants do not explain why they did not move to compel at that time. Defendants also argue that Dr. Baum's October Report is untimely, but given Dr. Baum's reason for providing the October Report (i.e., "addressing a change in Plaintiff's employment status that

6

by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The Sixth Circuit Court of Appeals has adopted five factors in considering whether a party's omission or late disclosure is substantially justified or harmless as follows:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015) (quoting *Russell v. Absolute Collection Servs., Inc.,* 763 F.3d 385, 396–97 (4th Cir. 2014) (citation omitted)).

In light of Defendants' primary request, the Court finds the most appropriate ruling is to order Plaintiff to produce the Emails. The Court notes that Defendants have known of Dr. Baum since August 2022, but they simply have not reviewed the Emails that he relied on. Ordering Plaintiff to produce the Emails will not delay the trial, and Dr. Baum's testimony is important given that he opines on Plaintiff's alleged damages. Finally, Plaintiff did not disclose the Emails given his reliance on *America Collectables Network, Inc.*, and the undersigned acknowledges that this issue does appear to be a genuine dispute. In light of this genuine dispute and Defendants' request that Plaintiff produce the Emails, the Court finds Plaintiff's error is substantially justified and harmless. Accordingly, the Court **ORDERS** Plaintiff to produce the Emails on or before **December 19, 2022**.

Defendants also request an extension of the discovery deadline. As an initial matter, the Court notes that the parties previously agreed to take Dr. Baum's deposition on December 13, 2022, after the discovery deadline had expired. Rule 16(b)(4) states, "A schedule may be modified

---

might impact his calculation of future wages" [Doc. 57 p. 2]), it appears to be a proper supplement under Rule 26(e).

only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Thus, the parties cannot agree to extend any deadlines absent a court order.

In any event, Defendants represent that the parties had agreed to this deposition date so that defense counsel had time to review the October Report [Doc. 59 p. 1]. In light of Dr. Baum's supplementation, the Court finds Defendants have established good cause for an extension of the discovery deadline. *See* Fed. R. Civ. P. 16(b)(4); *see also* Fed. R. Civ. P. 6(b). Further, given that the Court has ordered Plaintiff to produce the Emails, Defendants will need time to review them prior to this deposition.

## III. CONCLUSION

For the reasons explained above, the Court **GRANTS** Defendants' Expedited Motion to Compel the Production of Emails Relied Upon By the Plaintiff's Expert, Charles Baum, and to Modify the Scheduling Order [**Doc. 52**]. Plaintiff **SHALL** produce the Emails on or before **December 19, 2022**. The parties **SHALL** complete Dr. Baum's deposition on or before **December 30, 2022**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
Debra C. Poplin
United States Magistrate Judge

8